K MART CORPORATION, Appellant
(Defendant Below),

v.

Suzanne BRZEZINSKI, Appellee
(Plaintiff Below).

No. 71A03–8808–CV–251.

Court of Appeals of Indiana,
Third District.

Oct. 31, 1989.

Jim A. O'Neal, Michael A. Wilkins, and Terri Czajka, Ice Miller Donadio & Ryan, Indianapolis, for appellant.

Robert J. Palmer, Jeffery A. Johnson, and Wendell W. Walsh, May, Oberfell & Lorber, South Bend, for appellee.

OPINION ON PETITION FOR
REHEARING

STATON, Judge.

In a published opinion filed July 20, 1989, 540 NE2d 1276, we reversed the trial court's judgment in favor of Brzezinski on her claims against K Mart for malicious prosecution and defamation. She petitions for writ of certiorari and rehearing on the ground that we erroneously concluded the issue of qualified privilege was tried by implied consent. We address this issue to clarify our opinion.

We based our conclusion that the issue was tried by consent on the fact that K Mart raised it in its motion for judgment on the evidence at the close of Brzezinski's case and Brzezinski did not object to the issue being introduced. We further noted that Brzezinski did not object to K Mart's tendered final instruction on qualified privilege. Brzezinski petitions for writ of certiorari to supplement the record with a certified statement of what occurred at the unrecorded instructions conference held in the trial court's chambers. She asserts that the supplemented record would show that she did object to K Mart's tendered final instruction because the issue had not been tried. However, we need not have the record supplemented. Even if Brzezinski did object at the final instructions conference, the fact remains that she did not object when K Mart raised the issue before the close of all the evidence in its T.R. 50 motion. We emphasize that the lack of objection at that point was the critical factor leading to our conclusion. Any lack of objection to the final tendered instruction was merely a further indication that the issue was tried by implied consent. Standing alone, the lack of that objection would not lead to the conclusion the issue had been tried by implied consent.

For these reasons, Brzezinski's petition for writ of certiorari is denied and her petition for rehearing on the grounds addressed herein and all other grounds raised is denied.

ROBERTSON, J., concurs.

HOFFMAN, J., dissents with separate opinion.

**HOFFMAN, Judge.**

I cannot agree with the majority that the issue of qualified privilege was tried by implied consent merely because Brzezinski failed to object when K Mart raised the theory during arguments on its T.R. 50 motion. A review of the record discloses that the trial court rejected the theory of qualified privilege, thereby obviating the necessity of an objection from Brzezinski. The court ruled:

> "[T]he reason for the qualified privilege doesn't exist in that scenario. Going all the way back to the Indianapolis horse patrol cases, and the trooper cases, and so forth, and firemen and policemen cases, it just doesn't fit here, it seems to me. If it were a fellow employee reporting to management regarding employee misconduct or theft, I think it might fit, but this is the reverse of that, and I don't think the qualified privilege works in that situation."

Because the court itself deemed the theory of qualified privilege inapplicable, an objection from Brzezinski would have served no purpose.

Brzezinski's failure to object to K Mart's argument on its T.R. 50 motion did not constitute consent to a trial on the issue of qualified privilege. If, through a supplemental record, Brzezinski can establish that she objected to the tendered final instruction on qualified privilege, then there is no basis for the conclusion that the issue was tried by implied consent.

I vote to grant Brzezinski's petition for writ of certiorari to supplement the record and her petition for rehearing.